IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
2022 NOV -8 PM 2:5
CLERK-ALBUQUERQUE

| | |
|---|---|
| Emma Serna, and ) | |
| Mike Serna, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| BBVA USA, a/k/a ) | |
| BBVA Compass Bank ) | |
| a/k/a PNC Bank ) | **22cv852 JHR** |
| Defendants. ) | |

COMPLAINT PURSUANT TO

FDIC, FDCPA, FTC, CFPB, BREACH OF MANDATE

NEGLIGENCE, ACCESSORY LIABILITY

MISDIRECTED FUNDS & DAMAGES

PARTIES TO THE COMPLAINT

Plaintiff:

Emma Serna is a citizen and resident of the State of New Mexico
P. O. Box 65384
Albuquerque, Bernalillo County
New Mexico 87114
(505)321-1661

Mike Serna is a citizen and resident of the State of New Mexico
P.O. Box 65384
Albuquerque, Bernalillo County
New Mexico 87193
(505)321-1661


Defendant: BBVA Compass Bank
a/k/a BBVA USA, a/k/a PNC Bank

## JURISDICTION

28 U.S.C. Section 1331

28 U.S.C. Section 1337

Violation of the Bank Act

Federally statue and regulation

Federal Question

CFPB

FDIC

FAIR DEBT CONLLECTION PRACTICE ACT/ FDCPA

FRANK DODD ACT

18 U.S.Code 1005 Bank entries, reports and transactions.

Diversity of Citizenship:

    a.  The Plaintiffs: Emma Serna and Mike Serna/United States Citizens
    b.  Defendant: an Entity, Bank, a subsidiary of Banco Bilbao Vizcaya Argentina Operating under the name of BBVA USA, and Compass Bank until 2021.

Federal Subject matter.

The Act of June 30, 1876, gave federal Courts jurisdiction of equity suits when brought to enforce statutory liability. See:

McCormick v. Walthers, 134 U.S. 41 and Bostwick v. American Finance Co., 43 Fed. R. 897. The Bank can be sued in its own district as well as where the Plaintiff resides.

Financial Services Act 1986

INTRODUCTION

In 2018, a number of significant issues became apparent so I contacted the FDCPA, and spent 2018 and 2019 on issues of, but not limited to, misrepresentation, misapplied Payments, breach of mandate, where payments were being made without proper authority.
In which the debits made to the wrongful account or person and reversal never took place. The customer should of a been compensated as a result of the bank's failure to state balance of the account accurately, and the banking practices were more of misapplied payments to another account. The balance never went down on the HELOC. After the checking account, and the savings accounts were depleted, the Bank, starting Deducting the monthly payments, and misdirecting them to someone else's account. The balance of the mortgage was never reduced even when making double monthly Payments. The bank was wrongly paying money away when it had no authority to do so.

There was a violation of Good Faith Business dealing. The Content of the contract does not include disbursement of funds to anyone except the customer who signed the actual contract. This constitutes Unauthorized "pull" payments, and fraud has been committed since the Plaintiff did not authorize any amount of payment to anyone. There is no agreement, of any kind, in our contract, and the Bank failed to correct the impression of the Bank misunderstanding or misleading the customer.
The Bank had an obligation to take no action until the appeal period of the issues at hand were resolved. The Bank responded with, we are going to disburse Serna's fund, and that

was their intentions. The customer did not matter or the situation at hand, or the Courts. FSA Rules hold the Bank for unauthorized payments made to unauthorized individuals it is like the payments were never made and the bank's liability for unauthorized payments must reimburse the customer for all funds paid out from the Plaintiffs' account, the customers' money was paid out without authorization.

Cases cited:

Singularis Holdings Ltd. V. Daiwa Capital Markets Europe, Ltd.
EWCA Civ. 84

Farmer's State Bank, 2015 WL 6917407 (M0. Ct. App. Nov, 2015

Lipkin Gorman v. Karpnale Ltd. UKHL 12 (6 June 1991)

Agip Ltd. V. Jackkson Dec. 21, 1991 Case Law – VLEX 793937373

IN FEDERAL DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATEMENT OF CLAIM

The Plaintiffs are entitled to damages and relief which is being sought from this Court for the loss of funds. Abuse of misappropriation of funds. Mortgage manipulation trying to make us miss payments or and trying to make us be late on payments to cause Foreclosure from the unauthorized pull payments. No payment was ever authorized to be pulled from any account, savings or checking accounts or line of credit. Negligence and breach of contract was evident in the loss of funds, and the misdirection of monthly payments.

Under both the common Law and relevant legislation with its terms and conditions recovery of funds, with interest from the date it was given away, paid for some unlawful reason, and for damages, and undue interest that should have never been charged.

In McCormick v. Walthers, 134 U.S. 41 gives the right to sue a bank in its own district, and where the Plaintiff resides. In Maine v. Second Nat. Bank, Biss. 26. A state statue as to service upon a foreign corporation governs the federal courts can be served the same way. Since PNC Bank has acquired all assets and liabilities from BBVA USA, and or Compass Bank USA the Bank is still under the Financial Services Act, and this Court has the discretion to order as unauthorized loss, due to dishonesty, incompetence or bad luck of the business to remedy the problem.

Respectfully submitted

*Emma Serna*  *Mike Serna*
Emma Serna and Mike Serna
P.O. Box 65384
Albuquerque, NM 87193
(505)321-1661

8-11-2022

CERTIFICATE OF SERVICE:

I hereby certify that a copy was mailed to Defendant at the following address on this November 10th, 2022.

PNC Bank
Compass Bank, a/k/a Compass USA
Document Review
Pittsburgh, Pennsylvania 15219

## RELIEF SOUGHT

The Amount for harm, injury and damages: $150,000.00 plus punitive damages.

The Defendant has caused damages to the Plaintiffs of:

    A. Depletion of protected funds: $10,599.00 plus interest from 4/23/2018
    B. Depletion of payments made on Mortgage (HELOC).
    C. A payment of $10,000.00 made on HELOC, and was
never posted or was misapplied or misdirected or conversion of funds for some undesirable reason.
    D. Breach of Mandate, Bank wrongly paid out money away monies from the Plaintiff's accounts without authorization from the customer or trustee.
    E. Breach in Fiduciary Duty
    F. Unknown amount of payments made, by Bank, from 2019 through 2021 from mortgage. The Bank never disclosed the amount to customer. Payments from customer were $371.00 a month, and sometimes the customer would pay $1,000.00 towards reducing the amount owed on mortgage, line of credit.
    G. Failure to disclose to customer.
    H. Equal Protection of the law, Amendment 14.
    I. Violation of 18 U.S Code 1005 to defraud a Bank, and its' customer.
    J. Negligence and misappropriation of funds.
    K. Violation of CFPB rules.
    L. Lender failed to Act in Good Faith – Fiduciary Duty.