**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MIKE SERNA,

      Plaintiff,

v.                                    No 1:22-cv-00852-JHR

BBVA USA, a/k/a
BBVA COMPASS BANK, a/k/a
PNC BANK,

      Defendant.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

There are two other cases in this Court both of which have been dismissed but are relevant to the claims in this case.

### *Serna I*

In the first case, Emma Serna, the wife of Plaintiff Mike Serna, alleged that Defendant BBVA Compass Bank received a writ of garnishment arising from a state-court judgement, the state-court judgment is void, and Defendant BBVA Compass Bank is improperly withdrawing funds from Plaintiff's accounts, and stated "[t]he writ of garnishment needs to be dissolved."  *See* Amended Complaint at 4-8, Doc. 5, filed January 15, 2021, in *Serna v. BBVA Compass Bank*, No. 1:20-cv-01344-KWR-SCY ("*Serna I*").

United States District Judge Kea W. Riggs dismissed *Serna I* without prejudice for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine,[1] which "prohibits a losing

---

[1] The *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280,

party in state court from seeking what in substance would be appellate review of the state judgment in a United States District Court," because Plaintiff requested "the Court to void state court judgments and orders directing garnishment," and because Plaintiff "sought reimbursement from BBVA for the funds garnished pursuant to the state court judgment." Dismissal Order at 3-4, Doc. 24, filed March 29, 2021, in *Serna I*. Plaintiff Mike Serna was not a party to *Serna I*.

**Serna II**

In the second case, Emma Serna: (i) alleged that Defendant "BBVA Bank, a/k/a BBVA Compass Bank" received a writ of garnishment arising from a state-court judgment; (ii) alleged that the state-court judgment was void; and (iii) sought to recover the funds garnished from Plaintiff's accounts and asks the Court to stop Defendant BBVA Bank from garnishing Plaintiff's funds. *See* Doc. 11 at 3, filed June 24, 2021, in *Serna v. BBVA Bank*, No. 1:21-cv-00450-KG-JHR ("*Serna II*").

United States District Judge Kenneth J. Gonzales dismissed *Serna II* without prejudice for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine stating:

> Plaintiff brought this case after losing in a state-court case and complains of injuries caused by the state-court judgment. Plaintiff has not cited any state appellate decisions ruling that the state-court judgment is void. The relief Plaintiff requests would undo the state court's judgment. *See* Complaint at 5 (Plaintiff seeks "Relief from the operation of the judgment"); at 10 (Plaintiff "prays this court will recover the unauthorized and improperly disbursed funds that the BBVA Bank withdrew from the Plaintiff's accounts;" Plaintiff requests that the Court "stop the Bank's conduct").

---

> 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019).

Doc. 11 at 3, filed in *Serna II*.  Judge Gonzales also imposed filing restrictions on Emma Serna. *See* Doc. 23, filed July 21, 2021, in *Serna II*.  Plaintiff Mike Serna was not a party to *Serna II*.

**Serna III**

In this case, Plaintiff Mike Serna, who is proceeding *pro se*, and Emma Serna filed a Complaint and other documents on November 8, 2022.  *See* Doc's 1-3.

The undersigned struck the Complaint and other documents because Emma Serna had not complied with filing restrictions previously imposed by United States District Judge Kenneth J. Gonzales.  *See* Doc. 6, filed November 10, 2022. Because the Court has not imposed filing restrictions on Plaintiff Mike Serna, the Court allowed Plaintiff Mike Serna to file an amended complaint asserting his claims against Defendant.

The Amended Complaint lists Mike Serna and Emma Serna as plaintiffs and asserts claims for both Mike Serna and Emma Serna.  *See* Amended Complaint at 1, Doc.7, filed November 22, 2022.  Mike Serna signed the Amended Complaint; Emma Serna did not sign the Amended Complaint.  *See* Amended Complaint at 7.

The Amended Complaint asserts breach of contract and breach of fiduciary duty claims against Defendant "USA Compass Bank a/k/a Compass Bank a/k/a PNC Bank."  Amended Complaint at 1, 3 (stating "PNC Bank, has taken over all assets and liabilities of Compass Bank and USA Compass Bank").  Plaintiff Mike Serna alleges that: (i) "[a] wrongful garnishment was issued to Compass Bank;" (ii) the "Bank proceeded to disburse funds that belonged to both Emma and Mike Serna" in 2018 and 2019;" (iii) "[i]n the latter part of 2019, and the beginning of 2020, the bank started misdirecting The HELOC payments ... [which] was a sign, to the Plaintiffs, that Compass Bank was trying to find a way to foreclose on the 'Mike R. Serna Irrevocable Living Trust Property;'" and (iv) "On 10/12/2021 BBVA USA had changed their name, and became a part

of PNC Bank ... BBVA USA is owned by PNC."  Amended Complaint at 3-4.  Plaintiff Mike

Serna and Emma Serna seek to recover the alleged improper disbursements from 2018 through

2020.  *See* Amended Complaint at 6.

**Emma Serna's Claims**

Plaintiff Mike Serna cannot assert claims on behalf of Emma Serna because Plaintiff Mike

Serna is not a licensed attorney authorized to practice in this Court.  *See Fymbo v. State Farm Fire*

*& Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal

court without counsel, but not the claims of others").  The Court orders Plaintiff Mike Serna to

show cause why the Court should not dismiss the claims he is asserting on behalf of Emma Serna.

**The *Rooker-Feldman* Doctrine**

It appears that the claims of improper disbursement of funds in this case arise from the

state-court judgment that formed the basis for the claims in *Serna I* and *Serna II*.  It also appears

that granting the relief sought by the Amended Complaint, recovery of the alleged improper

disbursements, would undo the state court's judgment.  The Court orders Plaintiff Mike Serna to

show cause why the Court should not dismiss this case as barred by the *Rooker-Feldman* doctrine.

***Res Judicata***

It also appears that the claims are barred by the doctrine of *res judicata*.

"The doctrine of res judicata, or claim preclusion, will prevent a party from
litigating a legal claim that was or could have been the subject of a previously issued
final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005).
"The principle underlying the rule of claim preclusion is that a party who once has
had a chance to litigate a claim before an appropriate tribunal usually ought not
have another chance to do so." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275
(10th Cir. 2006) (citation omitted). To apply claim preclusion, "three elements must
exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties
or privies in the two suits; and (3) identity of the cause of action in both suits." *King
v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997). In addition, even if
these three elements are satisfied, there is an exception to the application of claim

4

preclusion where the party resisting it did not have a "full and fair opportunity to litigate" the claim in the prior action. *MACTEC*, 427 F.3d at 831 & n.6.

*Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017).

Judge Riggs dismissed *Serna I* and entered Final Judgment on March 29, 2021. *See* Doc's 24-25, in *Serna I*. Judge Gonzales dismissed *Serna II* and entered a Final Judgment on June 24, 2021. *See* Doc's 11-12, in *Serna II*. The Tenth Circuit affirmed the dismissal of *Serna II*. *See* Doc. 24, filed October 29, 2021, in *Serna II*. The plaintiff in *Serna I* and *Serna II* was Plaintiff Mike Serna's wife, Emma Serna. The claims for improper disbursement in this case and in *Serna I* and *Serna II* are based on the judgment and writ of garnishment issued by the state court.

The Court orders Plaintiff Mike Serna to show cause why the Court should not dismiss this case as barred by *res judicata*.

**Case Management**

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

**Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating

it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff Mike Serna shall, within 14 days of entry of this Order, show cause why the Court should not dismiss this case for the reasons stated above.  If Plaintiff Mike Serna asserts that this case should not be dismissed, he must, within 14 days of entry of this Order, file a second amended complaint containing factual allegations supporting his claims.

_____
**HON. JERRY H. RITTER**
**UNITED STATES MAGISTRATE JUDGE**