IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIKE SERNA,

       Plaintiff,

v.                                                                                       No 1:22-cv-00852-DHU-JMR

BBVA USA, a/k/a
BBVA COMPASS BANK, a/k/a
PNC BANK,

       Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL AND ORDER TO SHOW CAUSE REGARDING FILING RESTRICTIONS

Plaintiff Mike Serna, who is proceeding *pro se*, and Emma Serna filed a Complaint and other documents on November 8, 2022.  *See* Doc's 1-3.  United States Magistrate Judge Jerry H. Ritter struck the Complaint and other documents because Emma Serna had not complied with filing restrictions previously imposed on her by United States District Judge Kenneth J. Gonzales. *See* Doc. 6, filed November 10, 2022. Because the Court has not imposed filing restrictions on Plaintiff Mike Serna, Judge Ritter allowed Plaintiff Mike Serna to file an amended complaint asserting his claims against Defendant.

Plaintiff filed an Amended Complaint on November 22, 2022.  *See* Doc. 7.  Judge Ritter notified Plaintiff that the claims in the Amended Complaint appear to be barred by the *Rooker-Feldman* doctrine[1] and the doctrine of *res judicata*,[2] and ordered Plaintiff to show cause why the

---

[1] The *Rooker-Feldman* doctrine "bars federal district courts from hearing cases brought by state-court losers complaining of injuries caused by state-court judgments" . . . Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237." *Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019).

[2] "The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017).

Court should not dismiss this case and to file a second amended complaint. *See* Order to Show Cause, Doc. 8, filed November 28, 2022.

Plaintiff's Second Amended Complaint asserts a "gross negligence" claim against Defendant Compass Bank alleging that Defendant "misdirected" Plaintiff's funds. Second Amended Complaint at 1, 4, Doc. 9, filed December 9, 2022,

Defendant moves for dismissal of this case because: (i) "Plaintiff has not established this Court's jurisdiction;" (ii) Plaintiff cannot bring claims on behalf of his wife; and (iii) Plaintiff's claims are barred by *res judicata* and *Rooker-Feldman*. Motion to Dismiss Plaintiff's Second Amended Complaint at 2, 4, Doc. 12, filed January 4, 2023 ("Motion"). Defendant also asserts that the Court should impose filing restrictions on Plaintiff. *See* Motion at 8-9. Because the Court concludes that it lacks subject-matter jurisdiction over this matter, the Court does not address the arguments regarding Plaintiff asserting claims on behalf of his wife and whether Plaintiff's claims are barred by *res judicata* and *Rooker-Feldman*. *See Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking").

**Defendant's Motion to Strike Plaintiff's Surreply**

Plaintiff filed a surreply to the Motion to Dismiss on February 3, 2023. *See* Plaintiff's Response and Objection to PNC Bank's Dismissal of Plaintiff's Second Amended Complaint, Doc. 15 ("Surreply").

Defendant moves to strike Plaintiff's Surreply because Plaintiff did not seek leave of the Court before filing his Surreply. *See* PNC Bank's Motion to Strike, Doc. 16, filed February 3, 2023; D.N.M.LR-Civ. 7.4(a) ("The filing of a surreply requires leave of the Court"). Plaintiff did not file a response opposing Defendant's Motion to Strike. The Court previously notified Plaintiff that "*pro se* litigants are held to the same standards of professional responsibility as trained

attorneys [and] It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico*." Doc. 8 at 5, filed November 28, 2022. The Court grants Defendant's Motion to Strike and strikes Plaintiff's Surreply because Plaintiff did not comply with the Local Rule requiring leave of the Court to file a surreply and because Plaintiff did not file a response showing that the Court should not strike his Surreply.

**Jurisdiction**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

> To assess the presence of a federal question, our task is to look to the "face of the complaint." *Sac & Fox Nation of Okla. v. Cuomo,* 193 F.3d 1162, 1165 (10th Cir.1999) ("[F]ederal question jurisdiction must appear on the face of the complaint....") ....
>
> For a case to arise under federal law within the meaning of § 1331, the plaintiff's "well-pleaded complaint" must establish one of two things: "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Nicodemus v. Union Pac. Corp.,* 440 F.3d 1227, 1232 (10th Cir.2006) (quoting *Morris,* 39 F.3d at 1111) (internal quotation marks omitted); *accord Gilmore v. Weatherford,* 694 F.3d 1160, 1170–72 (10th Cir.2012); *see also Viqueira v. First Bank,* 140 F.3d 12, 17 (1st Cir.1998) ("[T]he well-pleaded complaint rule restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of the plaintiffs' complaint."). "The 'substantial question' branch of federal question jurisdiction is exceedingly narrow—a 'special and small category' of cases." *Gilmore,* 694 F.3d at 1171 (quoting *Empire Healthchoice Assurance Inc. v. McVeigh,* 547 U.S. 677, 699, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006)).

*Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986); *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1025 (10th

3

Cir. 2012) (holding *pro se* litigant's "reference in the complaint to four different sources of federal law" was insufficient to establish federal question jurisdiction); *Kucera v. Cent. Intelligence Agency*, 754 F. App'x 735, 737-38 (10th Cir. 2018) (affirming dismissal of *pro se* litigant's complaint for lack of subject matter jurisdiction where he "ha[d] not alleged facts sufficient to show" a viable claim under federal law).

The Second Amended Complaint states: (i) "STATEMENT OF JURISDICTION: 28 U.S.C. 1331;" and (ii) "Basis for relief-Amendment 14 of the Consti[tu]tion: Consumer Protection Act 2010: Frank-Dodd Act Banking Act." Second Amended Complaint at 1, 6.  Plaintiff also alleges that "Venue is proper in federal district court as the Bank is regulated through the Federal laws" and Defendant is a "federally regulated Bank."   Second Amended Complaint at 1, 3.

Defendant asserts that "Plaintiff only makes conclusory assertions about this Court's jurisdiction under 28 U.S.C. § 1331 (federal question), rather than articulate the basis of jurisdiction with the specificity mandated by federal law ... Plaintiff makes only a vague reference to the 'Bank Act' ... but fails to cite any discrete provision of this Act which [Defendant] allegedly violated."  Motion at 2-3.

In the section of his Response titled "Federal Jurisdiction," Plaintiff states:

Banking laws were created through federal laws, and a contract between the Plaintiff, and the Defendant, BBVA Compass Bank, and now PNC, binds and incorporates the Bank's laws. Bound by a contract that was signed and deemed by the laws to all the terms, and BBVA Compass Bank violated these terms, by opening a contract that was and is still closed, and the Plaintiff was never consulted in any manner as to disburse or reopen such account, and there was never an account reactivation notice, so the Bank Breached the Contract, and violated the customer's request; close account, and not more money can be borrowed.  Therefore, this act rose "rising under" federal question jurisdiction ...The substantial federal element under the Constitution for purpose of 1331 when the Plaintiff claims that a Bank officer or employee, acting in his or her official capacity, injures the Plaintiffs by taking action that violates the Privacy Act, and Crime Control Act, Statute 4789 operating in an unsound manner, where the Bank failed the True ID Act, and did not verify that Margette Webster was not "Margaret Webster". Here, the Plaintiff is not asking to review the judgment just the person that was granted a writ for garnishment. Margette Webster would of a failed the True ID Act, due to the fact

> that her name has always been Margette. FDIC, gives the Bank the right to recover assets improperly diverted from a customer's financial institution.
>
> The Bank did not use care and sound judgment and must be held accountable, and the Banks conduct of business were unfair practices.
>
> 1, 1020.220 Title 31 customer identification program requirements for banks. The Bank took the liberty and handed out the Plaintiff's funds without identification and or reasonable care. Part C of Part 1020. Records to be made and retained by Banks, and reported to the customer. The Bank has to account for their reasoning and destination, and why the rules and regulations were not followed.
>
> 2. Congress laws set up the Banks, and so this gave a substantial federal element of the plaintiff's Complaint federal jurisdiction. Compass Bank was a Federal Reserve member
>
> 3. Negligence and an attitude of the Bank no one cares what happens to the customer's money or life, and they will give the money away.
>
> 4. The Plaintiff, in his Complaint, against the Bank, invokes federal jurisdiction, and Federal jurisdiction is well pleaded, and the Bank Act violations are disclosed

Response at 1-2, Doc. 15, filed February 2, 2023.

The Second Amended Complaint and Plaintiff's Response to the Motion to Dismiss fail to show that the Court has federal question jurisdiction over this case. The Second Amended Complaint states one basis for relief is the Fourteenth Amendment, apparently for deprivation of property without due process, but does not allege any facts showing that Defendant is a state actor which is required for relief pursuant to 42 U.S.C. § 1983. *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law"). The Second Amended Complaint refers to Consumer Protection Act 2010, the Frank-Dodd Act, the Banking Act and unidentified federal laws but does not identify the specific provisions that Defendant allegedly violated. Vague references to federal law without identifying the specific provisions that give rise to Plaintiff's claims are insufficient to establish federal question jurisdiction. Plaintiff's Response refers to "1020.220 Title 31 customer identification program

5

requirements for banks," apparently referring to 31 C.F.R. § 1020.220,[3] and states Defendant "did not verify that Margette Webster was not 'Margaret Webster'" and "handed out the Plaintiff's funds without identification."  Plaintiff's claims arise from Defendant's alleged misdirection of Plaintiff's funds, not from Defendant's failure to properly identify a person.  Furthermore, the Second Amended Complaint does not allege any facts showing that Defendant violated 31 C.F.R. § 1020.220.   See  31 C.F.R. § 1020.220(a)(i)  (describing the required customer information).

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an

---

[3] 31 C.F.R. § 1020.220 requires banks to have an anti-money laundering compliance program and to implement a Customer Identification Program which includes, among other things, "risk-based procedures for verifying the identity of each customer to the extent reasonable and practicable" and which "enable the bank to form a reasonable belief that it knows the true identity of each customer."

6

> injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Litigant's Abusive History**

This is one of six cases filed in this Court in which Mike Serna is a plaintiff. *See Serna v. White*, Doc. 18, filed June 30, 2020, in No. 1:20-cv-00299-MV-SCY (dismissing federal law claims for failure to state a claim); *Serna v. Cooksey*, Doc. 124, filed April 29, 2022, in No. 1:20-689-JB-KRS (granting summary judgment for defendants on some claims and dismissing remainder of claims for lack of jurisdiction as barred by *Rooker-Feldman*); *Serna v. Keleher*, No. 1:22-cv-00575-MV-LF (dismissed March 30, 2023); *Serna v. BBVA USA*, No. 1:22-cv-00852-DHU-JMR (this case); *Serna v. Webster*, No. 1:23-cv-00083-MV-SCY (dismissed March 31, 2023); *Serna v. Keleher*, No. 1:23-cv-00288-JFR (pending). Mike Serna also filed a case on behalf of the Mike R. Serna Irrevocable Living Trust. *See* The Mike R. Serna Irrevocable Living Trust v. Webster, No. 1:22-cv-00964-MIS-GBW (dismissed January 20, 2023). All the cases are related to a state-court foreclosure action regarding a property that Mike Serna resided on with his wife Emma Serna and arise from the same facts in the five case Emma Serna has filed in this Court. *See Serna v. Webster*, No. 1:17-cv-00020-JB-JHR (closed March 31, 2018); *Serna v. White*, No. 1:20-cv-00299-MV-SCY (with plaintiff Mike Serna; closed June 30, 2020); *Serna v. Cooksey*, No. 1:20-cv-00689-JB-KRS (with plaintiff Mike Serna; closed April 29, 2022); *Serna v. BBVA Compass Bank*, No. 1:20-cv-01344-KWR-SCY (closed March 29, 2021); *Serna v. BBVA Bank*, No. 1:21-cv-00450-KG-JHR (closed June 24, 2021). After describing her abusive filing history, United States District Judge Kenneth J. Gonzales imposed filing restrictions on Emma Serna. *See* Doc. 11 at 4-5, filed June 24, 2021 (quoting United States District Judge Kea W. Riggs and United

States District Judge James O. Browning describing the underlying litigation as persisting for over a decade in state district and appellate courts, in federal district court and the Tenth Circuit with Emma Serna losing at every tribunal and noting that the New Mexico District Court, the New Mexico Court of Appeals and the New Mexico Supreme Court have imposed filing restrictions) and Doc. 23, filed July 21, 2021 (imposing restrictions), in *Serna v. BBVA Bank*, No. 1:21-cv-00450-KG-JHR.

The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases that revisit issues the Court has previously addressed.

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating further litigation in this Court regarding this subject matter or the other Parties in the *Serna* Cases, and the Clerk will be directed to not file any initial pleading that he submits, unless a licensed attorney who is admitted to practice before this Court signs the pleading.

Plaintiff also will be enjoined from initiating future litigation in this Court regarding other subject matter and persons who were not parties in the *Serna* Cases, and the Clerk will be directed to not file any initial pleading that he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*.

*See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994).  To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

    1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

    2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties.  The affidavit must certify that, to the best of Plaintiff's knowledge, his claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that he will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.  If Plaintiff's claims have previously been raised or the defendants have previously been sued, the affidavit must certify that the proposed new suit does not present the same claims that this or other court has decided and explain why the new suit would not be an abuse of the system;

    3.  The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case.  *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*).  If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.  If the Magistrate Judge does

not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**Opportunity to Be Heard**

The Court grants Plaintiff an opportunity to show cause why the Court should not enter the proposed filing restrictions.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Defendant PNC Bank's Motion to Strike, Doc. 16, filed February 3, 2023, is **GRANTED.** Plaintiff's [Surreply] Response and Objection to PNC Bank's Dismissal of Plaintiff's Second Amended Complaint, Doc. 15, filed February 3, 2023, is **STRICKEN.**

(iii) Within twenty-one (21) days from entry of this Order, Plaintiff shall show cause why this court should not enter the proposed filing restrictions described above. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect twenty-one (21) days from the date of this Order and will apply to any mater filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

_____
**UNITED STATES DISTRICT JUDGE**