IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIKE SERNA,

        Plaintiff,

v.                                                             No 1:22-cv-00852-DHU-JMR

BBVA USA, a/k/a
BBVA COMPASS BANK, a/k/a
PNC BANK,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO AMEND JUDGMENT

Plaintiff Mike Serna, who is proceeding *pro se*, and Emma Serna filed a Complaint and other documents on November 8, 2022.  *See* Doc's 1-3.  United States Magistrate Judge Jerry H. Ritter struck the Complaint and other documents because Emma Serna had not complied with filing restrictions previously imposed on her by United States District Judge Kenneth J. Gonzales.  *See* Doc. 6, filed November 10, 2022. Because the Court has not imposed filing restrictions on Plaintiff Mike Serna, Judge Ritter allowed Plaintiff Mike Serna to file an amended complaint asserting his claims against Defendant.

Plaintiff filed an Amended Complaint on November 22, 2022.  *See* Doc. 7.  Judge Ritter notified Plaintiff that the claims in the Amended Complaint appear to be barred by the *Rooker-Feldman* doctrine[1] and the doctrine of *res judicata*,[2] and ordered Plaintiff to show cause why the Court should not dismiss this case and to file a second amended complaint.  *See* Order to Show Cause, Doc. 8, filed November 28, 2022.

---

[1] The *Rooker-Feldman* doctrine "bars federal district courts from hearing cases brought by state-court losers complaining of injuries caused by state-court judgments" . . . Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237." *Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019).

[2] "The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017).

Plaintiff's Second Amended Complaint asserted a "gross negligence" claim against Defendant Compass Bank alleging that Defendant "misdirected" Plaintiff's funds.  Second Amended Complaint at 1, 4, Doc. 9, filed December 9, 2022.

Defendant moved for dismissal of this case because, among other things, "Plaintiff has not established this Court's jurisdiction." Motion to Dismiss Plaintiff's Second Amended Complaint at 2, Doc. 12, filed January 4, 2023.  Plaintiff filed a Response opposing Defendant's Motion to Dismiss.  *See* Response, Doc. 15, filed February 2, 2023.

The Court dismissed this case without prejudice for lack of subject-matter jurisdiction after finding that Plaintiff's Second Amended Complaint and Plaintiff's Response to the Motion to Dismiss failed to show that the Court has federal question jurisdiction over this case and explaining that a "complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law" and  "[v]ague references to federal law without identifying the specific provisions that give rise to Plaintiff's claims are insufficient to establish federal question jurisdiction."  Mem. Op. and Order of Dismissal at 3, 5-6, Doc. 21, filed April 18, 2023 ("Dismissal Order").

Plaintiff then filed his Plaintiff's Response to April 18, 2023, Memorandum Opinion [and] Order of Dismissal and to Show Cause Regarding Filing Restrictions, Doc. 28, filed April 27, 2023 ("Motion").  The Court construes Plaintiff's Response as a Rule 59(e) motion to amend because it was filed within 28 days of entry of, and questions the correctness of, the Dismissal Order and Final Judgment:

> No matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment. *Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992). Rule 59(e) relief is available in limited circumstances, including "(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

*Hayes Family Trust v. State Farm Fire & Casualty Co.*, 845 F.3d 997, 1004 (10th Cir. 2017); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment").

The Court denies Plaintiff's Motion to amend the Court's Dismissal Order. Plaintiff does not argue that there has been an intervening change in the controlling law or that there is new evidence previously unavailable. Plaintiff fails to show that the Court's Dismissal Order is erroneous. Plaintiff argues that: (i) the doctrine of *res judicata* does not apply because Plaintiff "never filed a case in state court" against Defendant and there was an "erroneous decision in the Former suit;" (ii) United States District Judge Kenneth J. Gonzales, in a previous case, imposed filing restrictions on Plaintiff's wife Emma Serna and "Emma was deprived of relief from the" Defendant; (iii) Defendant "did not follow the federal rules," Defendant "was incorporated by Federal law, and any case that arises under violations of the Bank federal law give Federal district Court jurisdiction;" (iv) the *Rooker-Feldman* doctrine does not apply because "Plaintiff did not lose [in the state-court proceeding] and Margette Webster [a plaintiff in the state-court proceeding who is not a party in this case] did not win." Motion at 1-4. Plaintiff has not pointed to any portions of the Second Amended Complaint which allege sufficient facts to show that this case arises from a violation of a specific statutory or constitutional provision. Consequently, Plaintiff has not shown that the Court's dismissal of Plaintiff's for lack of subject-matter jurisdiction is clearly erroneous or results in manifest injustice.

**IT IS ORDERED** that Plaintiff's Response to April 18, 2023, Memorandum Opinion [and] Order of Dismissal and to Show Cause Regarding Filing Restrictions, Doc. 28, filed April 27, 2023, which the Court construes as a Rule 59 motion to amend judgment, is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**